IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**MINTAI BEDFORD,**

        **Petitioner,**

v.                                  **Civil Action No.: 3:20-CV-113
                                            (GROH)**

**WARDEN HUDGINS,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

On July 2, 2020, Petitioner, an inmate at Gilmer FCI, acting *pro se*, filed a Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 (the "Petition") challenging the calculation of his sentence, specifically good time credit to which he claims he is entitled. ECF No. 1.[1]

The matter is now before the undersigned United States Magistrate Judge for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the Petition be denied and dismissed with prejudice.

---

[1] ECF Numbers cited herein refer to case number 3:20-CV-113 unless otherwise noted.

## II. FACTUAL AND PROCEDURAL HISTORY

### A. Conviction and Sentence[2]

On December 16, 2009, in case number 3:09-CR-30084 in the Southern District of Illinois, a superseding indictment was returned which charged Petitioner in Count 1 with possession with intent to distribute cocaine base, in violation of U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii).  ECF No. 35.  On August 6, 2010, the Petitioner entered into a plea agreement whereby he would plead guilty to Count 1 of the superseding indictment and "cooperate fully with the United States."  ECF Nos. 118, 119.  On December 29, 2010, Petitioner was sentenced to 90 months of incarceration.  ECF No. 213 at 1 – 2.

On December 10, 2014, pursuant to 18 U.S.C. § 3582(c)(2), the Court reduced Petitioner's sentence from 90 months to 72 months, and imposed five years of supervised release following his release from incarceration.  ECF No. 306.  On June 22, 2017, the Court found that Petitioner had not complied with the conditions of supervised release following Petitioner's release from incarceration.  ECF No. 355.  The Court revoked Petitioner's supervised release, committed Petitioner to the Bureau of Prisons for 12 months and 1 day, and imposed 3 years of supervised release to follow his release from incarceration.  Id. at 2.

### B. Appeals

A review of PACER shows that Petitioner did not appeal his initial conviction or sentence.

---

[2] Throughout sections II.A. and II.B., all ECF numbers refer to entries in the docket of Criminal Action No. 3:09-CR-30084 from the Southern District of Illinois, available on PACER.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

However, Petitioner appealed the judgment and order revoking his supervised release which was entered June 22, 2017, ECF No. 356. That appeal was docketed in the Seventh Circuit Court of Appeals as case number 17-2379, on July 6, 2017. ECF No. 360. Petitioner's counsel filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), which asserted that the appeal was frivolous. ECF No. 375-2. On March 15, 2018, the Seventh Circuit granted counsel's motion to withdraw and dismissed the appeal. <u>Id.</u>

Another petition for revocation of supervised release was filed against Petitioner on September 28, 2018. ECF No. 390. On December 13, 2018, the Court again revoked Petitioner's supervised release, based on newly committed offenses, and imposed a sentence of 47 months and 29 days imprisonment with no supervised release to follow. ECF Nos. 396 at 2, 400 at 3. Petitioner filed a notice of appeal of his sentence on December 19, 2018, which the Seventh Circuit assigned to docket number 18-3674. ECF Nos. 402, 405. On May 9, 2019, the Seventh Circuit dismissed the appeal based on counsel's filing of an <u>Anders</u> brief asserting the appeal was frivolous. ECF No. 420-2.

On December 21, 2018, Petitioner filed a separate notice of appeal as to his supervised release revocation, which the Seventh Circuit assigned to docket number 18-3697. ECF Nos. 406, 410. That case was dismissed under motion for voluntary dismissal on January 10, 2019. ECF No. 411-1.

**C.    Pending Motion to Vacate Pursuant to 28 U.S.C. § 2255**

On October 1, 2019, Petitioner filed a motion to vacate, set aside or correct sentence, in case number 3:19-CV-1060, in the Southern District of Illinois. A review of PACER shows that the case, which claims that Petitioner received ineffective assistance

3

of counsel and was convicted in violation of his First Amendment rights, remains pending.

### D. Instant Petition for Habeas Corpus Under § 2241

On July 2, 2020, the Petitioner filed the Court-approved form for a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The Clerk issued a notice of deficient pleading for failure to file the Court-approved form for a motion to proceed in forma pauperis and a prisoner trust account form.[3] ECF No. 3.

Petitioner's sole ground for relief is that the Bureau of Prisons has improperly calculated his good time credit. ECF No. 1 at 5 – 6. Petitioner further claims that the Respondent warden refuses to grant him the good time credit he seeks, and that the warden has prevented him from exhausting his administrative remedies. Id. at 5 – 6, 8.

Petitioner asks this Court to order the Bureau of Prisons to grant him 23 days of credit owed to him pursuant to the First Step Act. ECF No. 1 at 9.

## III. LEGAL STANDARD

### A. Review of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[3] Petitioner has not responded to this Notice as of the date of this Report and Recommendation.

B.   **Pro Se Litigants.**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

C.   **Post-Conviction Remedies and Relief**

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a

---

[4] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated. "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated." Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

### IV.   ANALYSIS

The United States Supreme Court has long recognized that the United States Attorney General, acting through the BOP, is responsible for computing an inmate's term of confinement. United States v. Wilson, 503 U.S. 329, 334 – 35 (1992). This computation includes the determination of when the sentence commenced and the amount of credit for time served following a federal conviction and sentencing. Id. at 333. In making this computation, the BOP must adhere to 18 U.S.C. § 3585 which provides as follows:

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence, at the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the defendant was arrested; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

Further, 18 U.S.C. §§ 3624(a) and (b)(1) provide that a prisoner shall be released by the Bureau of Prisons upon the calculation of good time credits, "subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations."

In the instant case, Petitioner asserts that the Bureau of Prisons incorrectly calculated his sentence. Petitioner further asserts that the warden refuses to correct the improper sentence calculated by the Bureau of Prisons. However, it is clear from 18 U.S.C. §§ 3585 and 3624 and the holding of <u>Wilson</u>, that neither the warden nor the Court calculate sentences for federal inmates. That task is the exclusive responsibility of the Bureau of Prisons, and it is clear from <u>Wilson</u> and other holdings that this Court may not usurp the Bureau of Prisons' authority. Accordingly, Petitioner's relief is without merit.

### V. RECOMMENDATION

For the foregoing reasons, I **RECOMMEND** that the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [ECF No. 1] be **DENIED** and that the § 2241 proceeding be **DISMISSED WITH PREJUDICE** because sentences are properly calculated only by the Bureau of Prisons, and this Court is unable to provide the relief requested.

I further **RECOMMEND** that the Notice of Deficient Pleading [ECF No. 3] be **VACATED as MOOT**, and Petitioner is advised to disregard the instructions in the notice.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should

also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

**DATED:**     July 8, 2020

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE